IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MICHAEL B. WALLER, <br><br>        **Defendant.** | 1:16-cr-00158-WSD |

## OPINION AND ORDER

This matter is before the Court on its review and consideration of the Plea Agreement [6.1] entered into by the parties in this case.

On March 11, 2015, Defendant Michael B. Waller was indicted in case number 1:15-cr-00083, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e) (the "Indictment").

On May 10, 2016, the parties entered into the Plea Agreement in case number 1:16-cr-00158 and the Court conducted a hearing at which it accepted Defendant's plea to the criminal Information in this case. The charge in the Information to which the Government and Defendant agreed that Defendant would plead is the knowing possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The Court did not set a date for sentencing, choosing to defer sentencing until presentence reports were prepared for case number

1:16-cr-00158 and case number 1:15-cr-00083, the case in which Defendant originally was indicted.

The Plea Agreement in this case purports to be entered into by the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

Rule 11(c)(3)(A) of the Federal Rules of Criminal Procedure provides:

> To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.

Fed. R. Crim. P. 11(c)(3)(A).  Federal Rule of Criminal Procedure 11(c)(5) further provides:

> If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) . . . the court must do the following on the record and in open court . . . :
>
> (A) inform the parties that the court rejects the plea agreement;
>
> (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant the opportunity to withdraw the plea; and
>
> (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Fed. R. Crim. P. 11(c)(5)(A)-(C).

The Plea Agreement in this case provides for Defendant to plead guilty to the knowing possession of a stolen firearm count in the Information.  The

possession of a stolen firearm charge has a maximum authorized punishment of ten (10) years imprisonment, and the parties in the Plea Agreement recommend the maximum authorized punishment be imposed.  The Presentence Report prepared in case number 1:16-cr-00158 states that the guideline range for the possession of a stolen firearm charge is, in this case, 188 to 235 months imprisonment.  The parties object to this finding.  The Government states the guideline range is at least 151 to 188 months, and Defendant claims it is 46 to 57 months.[1]  It is noteworthy that the Government, in entering into the Plea Agreement, agreed to cap Defendant's sentence at 120 months, which is significantly below the guidelines range as the Government calculates it.

The Plea Agreement also provides that the Government will dismiss the felon in possession charge in the Indictment in case 1:15-cr-00083.  This charge carries a mandatory minimum punishment of fifteen (15) years imprisonment, and a maximum authorized punishment of life imprisonment.  The Presentence Report prepared in 1:15-cr-00083 calculates Defendant's custodial sentence range as 262 to 327 months.  The Government argues it is 188 to 235 months, and Defendant argues it is 46 to 57 months.

---

[1] The parties disagree on Defendant's criminal history category.  The PSR states it is category V, the Government states it is category VI and Defendant states it is category IV.

The Court finds the Plea Agreement in this case was calculated, by the parties, to effectively limit the Court from imposing a sentence greater than 120 months imprisonment.  This was accomplished by allowing Defendant to plead to a charge of possession of a stolen firearm with a maximum authorized punishment of 120 months imprisonment.[2]

Paragraph 11 of the Plea Agreement provides that the Government shall, when the Judgment and Commitment Order is entered in case number 1:16-cr-00158, dismiss the charge in the Indictment in case number 1:15-cr-00083.  This provision makes the Plea Agreement reviewable under Rule 11(c)(1)(A) and subject to Rule 11(c)(3).  Rule 11(c)(3) permits the Court to reject the Plea Agreement if it may result in too lenient a sentence or may be inadequate to meet the purposes of the Guidelines.  See United States v. Murphy, 591 F. App'x 747, 748 (11th Cir. 2014); United States v. Dickerson, 636 F. App'x 506, 510 (11th Cir. 2016).  That is the case here where the parties have, in the Plea Agreement and by the Government's charging decision, effectively prohibited the Court from imposing a sentence greater than 120 months imprisonment.

---

[2] The Plea Agreement may have been an effort by the parties to achieve an agreed-upon sentence without having to request the Court to accept a plea under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

Accordingly, and because the Court intends to reject the Plea Agreement,

**IT IS HEREBY ORDERED** that a hearing will be held on August 26, 2016, at 9:30 a.m., in Courtroom 1705, to address the matters required by Rule 11(c)(3) of the Federal Rules of Criminal Procedure.

**SO ORDERED** this 17th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE