# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL B. WALLER, | : | CIVIL ACTION NO. |
| BOP Reg. # 66704-019, | : | 1:17-CV-4040-WSD-JCF |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:16-CR-158-WSD-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate his 120-month sentence. (Doc. 22). The government has responded (Doc. 25), and the time for Movant to file a reply has expired without him doing so. **IT IS RECOMMENDED** that his § 2255 motion be **DENIED**.

## I. Procedural History

In case 1:15-CR-83, Movant was indicted for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). (Doc. 25 at 2). Movant entered into a plea agreement that provided "the government would move to dismiss the Indictment in 1:15-CR-083 after [Movant] was sentenced on the Information [in the case at hand, 1-16-CR-158], and both parties would agree that a 120-month sentence, the statutory maximum [for the crimes charged in the

Information], . . . was a reasonable sentence." (*Id.*). Under the Indictment, based on the crimes charged therein and Movant's criminal history, the probation officer calculated a 180-month minimum term of imprisonment and a maximum term of life imprisonment. (*Id.* at 3). The Court rejected the plea agreement, but Movant nevertheless agreed to plead guilty. (*Id.*).

Movant claims that his trial counsel was ineffective for instructing him to testify at his sentencing hearing without warning him of the dangers of self-incrimination. (Doc. 22 at 2, 4-5). He asserts that as a result of his testimony, he received a six-level enhancement for assaulting a law enforcement officer. (*Id.* at 4). "After explaining all the events that led up to my arrest, the court stated that basically I self-incriminated myself [sic] and that I didn't have the right assistance of counsel." (*Id.*).

## II.  Discussion

> To prevail on a claim of ineffective assistance, a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To satisfy the deficient-performance prong, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The defendant must rebut the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *Id.* at 689.

2

*Connolly v. United States*, 568 Fed. Appx. 770, 770-71 (11th Cir. 2014).

The government summarizes the relevant portions of Movant's sentencing as follows:

> The district court ultimately found that Waller's [Movant's] advisory Guidelines range was 100 to 125 months, based on a total offense level of 25 and criminal history category V. (Doc. 24 [(Sentencing Tr.) at] 36). [A]fter hearing argument and testimony from Waller himself, the district court found that the six-level enhancement for assaulting a law enforcement officer applied. ([*Id.* at] 20-33). The government relied on the testimony of the officers from the evidentiary hearing, which established that Waller ran from officers armed with a firearm, pulled the firearm while struggling with one of the officers, continued to struggle with officers — fighting through their commands to surrender his hands — and the firearm was recovered from under where Waller had been [ly]ing once officers were finally able to get him in handcuffs. ([*Id.* at] 22, 28, 29). Waller testified, under oath, that he spun off the car as he ran away from the officers, that no officer actually had hands on him as he threw the firearm towards the fence, and that he was just trying to get rid of the firearm. ([*Id.* at] 23-28).
>
> After considering the evidence, the Court overruled Waller's objection to the enhancement. ([*Id.* at] 31-33). In doing so, the Court specifically credited the testimony of the officers from the evidentiary hearing and found Waller's testimony "not true" and "not credible and not believable." ([*Id.* at] 32). . . . The Court then pronounced its sentence: 120 months' imprisonment[ and] three years of supervised release with special conditions . . . . ([*Id.* at] 42-50; Doc. 21). The Court specifically detailed Waller's disrespect for the law, need for deterrence, and the seriousness of the offense. (Doc. 24 [at] 43-46). And the Court made clear that but for the statutory maximum of 120 months constraining the Court, it would have imposed a greater sentence on Waller. ([*Id.* at] 44, 45 ("I believe [a significant sentence] ought to happen in greater proportion

3

> tha[n] I'm allowed, but the government has seen fit to allow you to plead to an offense that has a cap to it.") ("[T]he guideline range as ultimately charged is still higher than I can impose — . . . this is the only time that I feel I have been constrained to a sentence that is not fair to the community."); [*id.* at] 46 ("So all of the factors warrant a significant sentence in this case. In fact, a sentence more significant than I can impose.")). Neither party objected to the sentence. ([*Id.* at] 49).

(Doc. 25 at 11-12 (footnote omitted)).

The Government argues:

> Not only does Waller fail to show that his attorney's performance was deficient, but he also fails to show that he was prejudiced. *The record shows that the six-level enhancement applied in spite of Waller's testimony at sentencing, not because of it*. [The] 120-month sentence was driven by the facts of the case and the 18 U.S.C. § 3553(a) factors, not the advisory Guidelines range. *[And] the Court made it clear that it wanted to sentence Waller to more imprisonment time than the 120-month statutory maximum allowed.*
> 
> . . . .
> 
> Waller cannot meet the high burden to show deficient performance in counsel's advice for Waller to testify as to his version of the facts surrounding the traffic stop and his arrest on September 17, 2014. If there was any hope in challenging the sworn testimony of the four police officers and the factual basis he agreed with at his plea hearing, it would have been for Waller to convince the Court that he did not attempt to threaten the officers with his firearm. The problem for Waller is that the Court found his version of the facts not credible. As for Waller's specific allegation that after he testified about the events of his arrest the Court stated that he had incriminated himself and "didn't have the right assistance of counsel[,]" there is nothing in the record to support this. The Court simply credited the officers' testimony, not Waller's, and those facts supported the six-level enhancement.

(*Id.* at 13 (emphasis added), 15-16 (footnote omitted) ("Even assuming, *arguendo*, some error in counsel's advice to Waller that he testify at sentencing, Waller conclusively cannot establish prejudice. As detailed above, the Court's comments at Waller's sentencing make plain that it wanted to sentence Waller to more than the statutory maximum of 120 months.")).

The undersigned agrees. It is clear that Movant's sole claim of ineffective assistance of counsel fails on both prongs — performance and prejudice. If anything, his sentence was limited to 120 months' imprisonment *because of* the actions of his counsel in negotiating a favorable plea deal, one with which the District Court disagreed but was constrained to honor.

### III. Certificate of Appealability

A § 2255 movant must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*

5

*v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).  A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir.) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).  Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here.  *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case).  Because there is no reasonable argument that Movant has set forth a meritorious claim in his § 2255 motion, a COA should not issue in this matter.

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DENY** Movant's 28 U.S.C. § 2255 motion (Doc. 22) and **DENY** Movant a certificate of appealability.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 14th day of December, 2017.

    /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)